Siiaucic, J
Omitting the consideration.of questions not material to a determination of the case, there appear in the foregoing statement, ample grounds for refusing the equitable relief which was awarded to the defendant in error by the judgment under review. To whatever extent its conduct may have been within its legal rights, it is clear that it has ceased to use the premises for the purpose of carrying on the previously established business of the owner under the name agreed upon, that it has ■changed the character of the building by constructing a partition through its entire length, that by subletting it has devoted one-half of the premises to a use wholly different from that to which it had been devoted by the owner himself and whose continuance was within the contemplation of the parties at the time of making the original contract. In making these changes it has added to the fire hazard of the building, thus laying upon the owner the burden of paying larger premiums for the insurance against fire. Having acted in this manner *66 with reference to the subject of the contract, and having wholly abandoned the premises as a place to carry on the sale of merchandise for which alone it was incorporated, and in which the lessor was specially interested, it proposes to use the premises only as the subject of lease and re-lease, and it asks a court of equity to aid in enforcing a construction of the original contract which would secure to it during an extended term of five years $15,000 more than it pays to the owner. There are many definitions of equity, but none of them suggests that the mission of the system is to augment the rigors and asperities of the law. To the contrary their mitigation is conspicuous among its objects.
Relief by specific performance has always been regarded as discretionary. This does not mean that the relief may be awarded or denied according to a chancellor’s whims but from considerations of justice and fair dealing, and that the relief will often be denied because of unfairness and injustice much less grave than would be required to set aside an executed contract. Two requirements are indispensable to the relief: The conduct of the plaintiff with reference to the transaction must have been honorable and fair, and the relief must be sought for a purpose that is just and equitable. In Seymour v. Delancey, 6 Johns. Ch., 222, Chancellor Kent has discussed the subject with clearness and authority, and illustrated it with numerous cases decided by the masters of equity. Later and pertinent cases are Chicago, Burlington & Quincy R. R. Co. v. Reno, 113 Ill., 39; O’Brien v. Pintz, 48 Md., 562; Kimberley v. Jennings, 6 Sim., 339. From *67 these considerations and from these authorities it is entirely clear that neither the conduct of the plaintiffs with reference to the subject of the contract nor the purpose for which it asks a decree of specific performance can be reconciled with the principles of equity.

Judgment reversed and original petition dismissed.

Johnson, Donahue, Newman and Wilkin, JJ., concur.